# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE TEXTRON, INC. ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Civil Action No. 09-383-ML<br>(Consolidated Actions) |

## REPLY MEMORANDUM IN SUPPORT
## OF RENEWED MOTION FOR PARTIAL RECONSIDERATION
## OF ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS

William J. Kilberg, P.C., *pro hac vice*
Paul Blankenstein, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Mitchell A. Karlan, *pro hac vice*
Brian M. Lutz, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

John A. Tarantino (#2586)
jtarantino@apslaw.com
Patricia K. Rocha (#2793)
procha@apslaw.com
Nicole J. (Dulude) Benjamin (#7540)
nbenjamin@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Telephone: (401) 274-7200
Facsimile: (401) 351-4607

*Attorneys for all Defendants*

# TABLE OF CONTENTS

| | Page |
|---|---:|
| ARGUMENT | 1 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anweiler v. Am. Elec. Power Serv. Corp.*,
   3 F.3d 986 (7th Cir. 1993) .................................................................................................. 4

*Dobson v. Hartford Fin. Servs. Group, Inc.*,
   389 F.3d 386 (2d Cir. 2004) ................................................................................................ 3

*Edgar v. Avaya, Inc.*,
   503 F.3d 340 (3d Cir. 2007) ......................................................................................... 2, 3, 4

*Gearren v. McGraw-Hill Cos.*,
   --- F.3d ---, 2011 WL 4952628 (2d Cir. 2011) ................................................................. 1, 2

*Howell v. Motorola, Inc.*,
   633 F.3d 552, 572 (7th Cir. 2011) ................................................................................ 2, 3, 4

*In re Citigroup ERISA Litig.*,
   --- F.3d ---, 2011 WL 4950368 (2d Cir. 2011) ............................................................ 1, 2, 3, 4

*In re Unisys Sav. Plan Litig.*,
   74 F.3d 420 (3d Cir. 1996) .................................................................................................. 3

*Watson v. Deaconess Waltham Hosp.*,
   298 F.3d 102 (1st Cir. 2002) ................................................................................................ 3

Defendants Textron Inc. ("Textron" or the "Company"); the Textron Investment Committee; and individual defendants Ted R. French, Richard L. Yates, Cathy A. Streker, Deborah A. Imondi, and Mary F. Lovejoy (collectively, the "Defendants") submit this Reply Memorandum of Law in support of their Renewed Motion for Partial Reconsideration of this Court's Order Granting In Part and Denying In Part Defendants' Motion to Dismiss.

**ARGUMENT**

Plaintiffs' opposition to Defendants' Renewed Motion for Partial Reconsideration of the Order Granting In Part and Denying In Part Defendant's Motion to Dismiss focuses almost exclusively on, but materially mischaracterizes, the Second Circuit's opinions in *In re Citigroup ERISA Litigation*, --- F.3d ---, 2011 WL 4950368 (2d Cir. 2011), and *Gearren v. McGraw-Hill Cos.*, --- F.3d ---, 2011 WL 4952628 (2d Cir. 2011), as well as the Court's ruling on the motion to dismiss in this case. In an unsuccessful attempt to distinguish the Second Circuit's opinions holding that ERISA fiduciaries of 401(k) plans that offer company stock as an investment option have no affirmative duty to disclose material non-public information about the finances or operations of the company, Plaintiffs argue that "even the Second Circuit acknowledged two scenarios that *would* require disclosure, both of which are applicable here." Pls' Opp. to Renewed Mot. for Partial Reconsideration ("Opp.") (D.E. 47) at 2.[1] According to Plaintiffs, ERISA fiduciaries, like Defendants here, are required to disclose non-public corporate information when "further information is necessary to avoid misleading participants" and when "the information is related to plan benefits." Opp. at 2. Plaintiffs are mistaken: The Second

---

[1] Plaintiffs previously filed an opposition to Defendants' Motion for Reconsideration of the Order Granting In Part and Denying In Part Defendants' Motion to Dismiss (D.E. 58), which they incorporated into the current opposition. *See* Opp. at 1 n.1. Defendants' reply to that opposition was incorporated into Defendants' Renewed Motion for Reconsideration. *See* D.E. 60 at 1.

1

Circuit's opinions do not provide such exceptions to its holding that fiduciaries of 401(k) plans have no affirmative duty to disclose non-public information that would bear on the expected performance of company stock.

1. Plaintiffs assert that their failure-to-disclose claims survive even under the Second Circuit opinions because they alleged that "by omitting [financial and operational] information [about Textron and its subsidiaries] when communicating the potential risk of investing in the Textron Stock Fund, Defendants misled Participants and failed to provide them with complete and accurate information about their investment options." Opp. at 2. The Second Circuit was clear, however, that there is *no* duty under ERISA to disclose the type of information that Plaintiffs here allege was withheld—non-public financial and operational information about the company. *In re Citigroup*, 2011 WL 4950368, at *11 ("We decline to broaden the application of these cases to create a duty to provide participants with nonpublic information pertaining to specific investment options."); *Gearren*, 2011 WL 4952628, at *3 ("In the *Citigroup* opinion, we explained why we reject the argument that fiduciaries have a duty to disclose nonpublic information about the expected performance of the employer's stock."). Every other court of appeals to address the question reached the same conclusion. *See Edgar v. Avaya, Inc.*, 503 F.3d 340, 350 (3d Cir. 2007); *Howell v. Motorola, Inc.*, 633 F.3d 552, 572 (7th Cir. 2011).

Indeed, Plaintiffs spend much of their four-page brief discussing how the *dissent* in the *Citigroup* and *Gearren* opinions supports their failure-to-disclose claims. Citing the dissent, they assert that non-public information regarding Textron does involve the availability of benefits and is thus a proper issue for disclosure under ERISA. Opp. at 4. But that is precisely the argument rejected by the majority. *See In re Citigroup*, 2011 WL 4950368, at *11. Nor could it possibly be an exception under the Second Circuit's opinions because treating non-public corporate

information as "relating to benefits" would swallow the announced rule—there would *always* be a disclosure obligation.

2. Plaintiffs also prophesize that the First Circuit is not likely to agree with the Second Circuit that there is no duty under ERISA to disclose non-public corporate information. Opp. at 2. Plaintiffs imply that the First Circuit's decision in *Watson v. Deaconess Waltham Hospital*, 298 F.3d 102 (1st Cir. 2002), in which the court held that, "in certain circumstances, a fiduciary has an obligation to accurately convey material information to beneficiaries," portends a different result in this circuit. *See* Opp. at 1 (quoting *Watson*, 298 F.3d at 114). Plaintiffs' prediction is ill-founded.

*Watson* does not foreshadow a determination by the First Circuit that there is a duty under ERISA to disclose non-public corporate information to investors in company stock in a 401(k) plan. Rather, the First Circuit in *Watson* held *only* that, in certain limited circumstances, fiduciaries had an affirmative duty to disclose information about plan operations or benefits available under the plan. *See Watson*, 298 F.3d at 114-15; *see also* Motion for Partial Reconsideration (D.E. 57) at 5-6. There is no basis to believe that the First Circuit would extend that holding to require fiduciaries of 401(k) plans to disclose material non-public information about the sponsoring company where the plan offered company stock as an investment option. That would be contrary to the course taken by the other circuits that have considered the issue. Each of these appellate courts has recognized, as the First Circuit did in *Watson*, that there is a duty in certain circumstances to disclose plan-related information. *See In re Citigroup*, 2001 WL 4950368, at *11 (citing *Dobson v. Hartford Fin. Servs. Group, Inc.*, 389 F.3d 386, 401 (2d Cir. 2004)); *Edgar*, 503 F.3d at 350 (citing *In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 440 (3d Cir. 1996)); *Howell*, 633 F.3d at 572 (citing *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986,

991-92 (7th Cir. 1993)). Notably, these courts also have recognized that the two different types of information are governed by two different disclosure regimes—information about plan operations and the availability of benefits is governed by ERISA, while information regarding the operation and finances of the company is governed by the securities laws. *See In re Citigroup*, 2001 WL 4950368, at *11; *Edgar*, 503 F.3d at 350; *Howell*, 633 F.3d at 572. There is nothing to suggest that, if faced with the question whether there is a duty in ERISA to disclose non-public corporate information, the First Circuit would answer any differently than the Second, Third, and Seventh Circuits.

3. Plaintiffs also attempt to salvage their failure-to-disclose claims by arguing that they have adequately alleged that Defendants "tout[ed] the success of [Textron's] Bell Helicopter, Cessna and Textron Financial divisions to the market despite knowing of impending problems." Opp. at 2. But the Court has already held that Defendants, as fiduciaries, did not "tout" or otherwise provide participants with false or misleading information about Textron. *See* September 6, 2011 Memorandum and Order (D.E. 56) at 15. Plaintiffs cannot pour their dismissed misrepresentation claims into failure-to-disclose bottles. Plaintiffs fare no better with the notion that Defendants "lied" to Plan Participants and thus breached their fiduciary duty of loyalty. *See* Opp. at 3; *City of Roseville Employees' Retirement System v. Textron, Inc.*, No. 09-367 (D.R.I. 2011), August 24, 2011 Order at 20-27.[2]

---

[2] Contrary to Plaintiffs' assertions, the Second Circuit did not hold that the *Citigroup* and *Gearren* plaintiffs failed to state a claim for failure-to-disclose because their allegations were insufficient (Opp. at 3); rather, the Court of Appeals expressly determined that those plaintiffs could not state a claim for failure to disclose non-public corporate information because such a duty simply does not exist under ERISA. *See Gearren*, 2011 WL 4952628, at *3 ("[P]laintiffs *cannot* state a claim for relief based on defendants' failure to disclose to participants information regarding S & P's rating practices and, more generally, McGraw–Hill's financial strength." (*emphasis added*)). The Second Circuit did discuss the failure of the *Citigroup* and *Gearren* plaintiffs to adequately allege that the defendants knew or should

4

**CONCLUSION**

For all of the foregoing reasons and for those set forth in Defendants' Memorandum in Support of Renewed Motion for Partial Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Defendants respectfully request that the Court grant their renewed motion and dismiss Plaintiffs' failure-to-disclose claims.

Respectfully Submitted,

Dated: November 17, 2011

/s/ William J. Kilberg
William J. Kilberg, P.C., *pro hac vice*
Paul Blankenstein, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Mitchell A. Karlan, *pro hac vice*
Brian M. Lutz, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

/s/ John A. Tarantino
John A. Tarantino (#2586)
jtarantino@apslaw.com
Patricia K. Rocha (#2793)
procha@apslaw.com
Nicole J. (Dulude) Benjamin (#7540)
nbenjamin@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Telephone: (401) 274-7200
Facsimile: (401) 351-4607

*Attorneys for all Defendants*

---

have known of certain financial and operational issues, but this discussion was in relation to the plaintiffs' misrepresentation claims. *See Citigroup*, 2011 WL 4950368, at *13; *Gearren*, 2011 WL 4952628, at *4.

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served electronically via the CM/ECF system on all counsel of record on this 17th day of November, 2011.

/s/ John A. Tarantino

590544.1